[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12120

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALBERT LEE SCLATER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:16-cr-00032-TFM-N-1

_____

Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Albert Lee Sclater, Jr., appeals his sentence of 24 months' imprisonment and 11 months' supervised release, which the district court imposed after revoking his supervised release. Sclater argues that his sentence was "unreasonable and excessive." Specifically, Sclater asserts that the district court considered an impermissible 18 U.S.C. § 3553(a) factor and further argues that the nature and circumstances of his offense do not justify his above-guideline sentence.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing for reasonableness, we apply a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). A district court's consideration of an improper § 3553(a) factor is procedural error. *See Vandergrift*, 754 F.3d at 1308. When a defendant did not object below to a procedural sentencing error, we review only for plain error. *Id.* at 1307. The plain error standard requires the defendant to show (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006).

Upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised

release and impose a term of imprisonment after considering the specific factors set forth in 18 U.S.C. § 3553(a).     18 U.S.C. § 3583(e)(3).  In part, sentencing courts must consider (1) the nature of the offense and the history and characteristics of the defendant; (2) the need to adequately deter criminal conduct; (3) the need "to protect the public from further crimes of the defendant;" and (4) the advisory guideline range.     *See id.* §§ 3583(e),  3553(a)(1), (a)(2)(B)-(C), (a)(4).

We have not decided in a published opinion whether a district court's consideration of the § 3553(a)(2)(A) factors—seriousness of the offense, respect for the law, and providing for just punishment for the offense—in imposing a revocation sentence can constitute a procedural error. *See id.*  In *Vandergrift*, we held that the district court did not plainly err by considering these factors. 754 F.3d at 1308.  Specifically, we held that any error could not be plain because the Supreme Court had not addressed whether the consideration of § 3553(a)(2)(A) in a revocation sentence was error, there was a circuit split on the issue, and we had not yet addressed the issue in a published opinion. *Id.* at 1308-09.

When a defendant seeks a particular sentence but receives a higher one, he has preserved a substantive reasonableness challenge to that sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020).  A district court can abuse its discretion when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing

the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

Chapter Seven of the Sentencing Guidelines, which contains policy statements, governs sentencing following violations of supervised release. *See, e.g.,* U.S.S.G. § 7B1.4 (providing recommended ranges of imprisonment applicable upon revocation). Although the district court has discretion to impose a sentence outside the guideline range, the justification for a major variance must be sufficiently compelling to support the degree of the variance. *Irey*, 612 F.3d at 1196.

Here, to the extent that Sclater's arguments on appeal include a challenge to a procedural error, this argument is reviewed for plain error because he did not raise it below. In any event, Sclater's argument fails, because the district court did not indicate that it considered § 3553(a)(2)(A), and even if the district court had implicitly considered § 3553(a)(2)(A) in imposing Sclater's sentence, it did not plainly err in doing so.

To the extent that Sclater challenges the substantive reasonableness of his 24-month revocation sentence, such an argument is preserved, because he requested a sentence at the low-end of the guidelines and objected to the sentence on the basis that it was excessive. Nevertheless, Sclater cannot show that the district court failed to consider relevant factors, gave an improper factor significant weight, or unreasonably balanced the factors.

Moreover, while the district court varied upward to sentence Sclater to 24 months, it specifically stated that it had considered Chapter Seven of the Guidelines, and it explained its upward

variance by pointing to Sclater's violations of supervised release conditions, his criminal record, the need for additional deterrence, and the need to protect the public.

Accordingly, we affirm Sclater's sentence of 24 months' imprisonment and 11 months' supervised release.

**AFFIRMED.**